UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| WORKERS UNITED, TRUSTEE ERIC MOORE | Plaintiff |
| v. | Civil Action No. 3:24-cv-00477 |
| LOCAL 181 WORKERS UNITED, ROBERTA SHOLLER | Defendants |

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendants Local 181 and President Roberta Sholler ("Sholler"), move to dismiss the complaint or strike language from the prayer for relief if dismissal is denied. [DE 32]. Plaintiff Workers United responded, [DE 35] and Local 181 and Sholler replied [DE 38]. For the reasons below, Local 181's and Sholler's Motion to Dismiss and Motion to Strike [DE 32] are **DENIED**.[1]

**I.  BACKGROUND**

Local 181 has served as the certified bargaining representative for hospitality employees at Churchill Downs in Louisville, Kentucky, since at least 1959. [32-1 at 704]. Workers United is a labor union that charters regional joint boards throughout the country which represent affiliated local unions. [DE 1 at 2]. Local 181 first affiliated with a national labor union on December 14, 1959, when it chartered with the Hotel & Restaurant Employees & Bartenders International Union, AFL-CIO. [DE 32-1 at 705]. The Hotel & Restaurant Employees & Bartenders International Union later changed its name to the Hotel Employees and Restaurant Employees International Union

---

[1] The court kindly requests both parties include their citations in line with the text in future filings instead of footnotes for ease of review.

1

("HERE"), before merging with the Union of Needle Trades, Industrial, and Textile Employees ("UNITE") in 2004 to form UNITE HERE. [*Id*.].

On April 3, 2006, Local 181 signed an affiliation agreement with the Chicago and Midwest Regional Joint Board of "UNITE HERE." [*Id*. at 706]. The parties dispute Local 181's affiliation with Workers United from 2009 onward. On July 26, 2010, the labor unions UNITE HERE, Workers United, and SEIU reached a settlement agreement to determine the representation of 65 bargaining units, including Local 181, located throughout the United States. [*Id*. at 708]. According to Workers United, Local 181 was transferred from UNITE HERE by the 2010 agreement and became an affiliate of Workers United in 2010 and has remained an affiliate since 2010. [*Id*. at 3]. Local 181 maintains that it has never been affiliated with Workers United. [DE 32-1 at 706]. According to Local 181, in 2009 UNITE HERE's then president resigned to form a new union named Workers United, which later affiliated with the Service Employees International Union ("SEIU"). Workers United is a distinct union from UNITE HERE, and SEIU which both continue to represent local unions throughout the country. [*Id*.].

On March 22, 2024, Local 181 members did not pay dues to the regional board of Workers United and instead diverted them straight to Local 181. [DE 2-1 at 129]. Local 181 members have not paid dues since February 2024. [*Id*. At 11]. On August 15, 2024, Workers United delivered a General Executive Board Order for Emergency Temporary Trusteeship and Trusteeship Hearing, Notice of Trusteeship Charges and Trusteeship Hearing, and Notice of Emergency Temporary Trusteeship to Local 181 and Sholler. [DE 32-1 at 708]. This included a demand to "[d]eliver all funds, assets, books, records and property of any kind in their possession" to Trustee Eric Moore. [*Id*.]. Workers United asserts that the purpose of the trusteeship is correcting financial malpractice, assuring the negotiation and administration of collective bargaining agreements, restoring

democratic procedures, and otherwise carrying out the legitimate objects of the Union. [DE 1 at 1].

Workers United and Trustee Moore filed a complaint seeking a preliminary and permanent injunction as well as declaratory relief under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The action seeks to enforce a trusteeship under the Workers United Constitution and give effect to Title III of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 461 et seq. [*Id*. at 2]. In response Local 181 moves to dismiss under Fed. R. Civ. P. 12(b)(4) and 12(b)(6) and moves to strike under Fed. R. Civ. P. 12(f). [DE 32-1 at 703].

## II. ANALYSIS

### 1. Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard does not "impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Dismissal under Fed. R. Civ. P. 12(b)(6) is warranted "only if it appears beyond doubt that the

plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

Because a motion to dismiss challenges the sufficiency of the pleadings, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, to determine whether the plaintiff set forth a "plausible" claim, the Court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In deciding a motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

Federal Rule of Civil Procedure 12(b)(4) permits defendants to seek the dismissal of a complaint because of insufficiency of process. *Phillips v. Tenn. Hotel Supply*, 2006 U.S. Dist. LEXIS 19516 *2, 2006 WL 897985 (D.Tenn. 2006). Insufficient process "'concerns the form of the process rather than the manner or method of its service.'" *Id*. (*quoting* § 1353 MOTIONS TO DISMISS—INSUFFICIENCY OF PROCESS AND SERVICE OF PROCESS, 5B Fed. Prac. & Proc. Civ. § 1353 (4th ed.)). When a defendant challenges the sufficiency of process, the plaintiff bears the burden of proving proper service. *See Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir. 1981); *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D.

4

120, 123 (E.D. Mich. 1994). *Oyekunle v. Morgan & Pottinger, P.S.C.,* No. 3:14-CV-00402-TBR, 2014 WL 6977879, at *1 (W.D. Ky. Dec. 9, 2014).

### 2. Insufficient Process Under Rule 4

Local 181 claims that the complaint must be dismissed under Fed. R. Civ. P. 12(b)(4) because Workers United knowingly violated Fed. R. Civ. P. 4 by naming a nonexistent entity. [DE 32-1 at 710]. According to Local 181 the summons names "Workers United, Local 181," but Local 181 asserts its proper registered name is "Hotel Employees Restaurant Employees, Local 181," and that there is no entity named "Workers United, Local 181." [*Id.*]. Workers United argues that Local 181's affiliation with Workers United is not seriously in dispute, that this issue touches on the merits of the case and should not be resolved in a Fed. R. Civ. P. 12(b)(4) motion to dismiss. [DE 35 at 866].

Federal Rule of Civil Procedure 4(1)(a)-(b), states that for proper service a summons must name the court and parties and be directed to the defendant. Fed. R. Civ. P. 4(1)(a)-(b). Different circuits treat Fed. R. Civ. P. 4 differently. Some allow plaintiffs more leeway, including the Seventh Circuit and Ninth Circuit which follow an actual knowledge approach. *See, e.g., United Food & Commercial Workers Union, Locals 197, et al. v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) ("Rule 4 is a flexible rule which is liberally construed to uphold service as long as defendant receives sufficient notice of the complaint.") The Sixth Circuit holds a stricter view and has ruled that compliance with the requirements of the Fed. R. Civ. P. 4 is no mere technicality. *Phillips v. Cap. Internal Med. Assocs.*, P.C., No. 1:23-CV-429, 2023 WL 8467789, at *2 (W.D. Mich. Dec. 7, 2023). Courts have interpreted Sixth Circuit caselaw as imposing a strict reading of Fed. R. Civ. P. 4 (a)(1) on plaintiffs. For example, in *In re Bavelis*, 453 B.R. 832 (Bankr. S.D. Ohio 2011), the court considered whether it was appropriate to exercise personal jurisdiction over

defendants who had not been named in the plaintiff's summons. Relying on previous decisions, the court concluded that Sixth Circuit precedent supported the notion that "a defendant who is not named in the summons has not effectively been served and service of process on that defendant, as well as the process itself, is therefore insufficient." *Id*. at 862.

That said, the Sixth Circuit has never directly addressed the issue here where the name is not incorrect so much as it is disputed. The closest caselaw on this point comes from *Chacon v. Clarksville Police Dep.,* where defendants argued that a named defendant, officer "Harris K. Batch # 5770," did not correspond to any officers in the department. No. 3:12-CV-00884, 2012 WL 6699655, at *5 (M.D. Tenn. Dec. 21, 2012). The defendants in *Chacon* claimed that the complaint had to be construed as identifying a nonexistent officer named Harris K. Batch, not Officer Kenrick Harris with Batch ID number 5770. *Id*. The court rejected this argument, stating that it was "readily evident to the court" that the correct officer had been identified, and that the defendants had failed to explain what else the plaintiff could have meant by including the number 5770 other than identifying Officer Kenrick. *Id*. Here, it is readily apparent to the Court, and both parties, that Workers United intended to serve Local 181. It is obvious in both parties' filings that Local 181 was the entity that Workers United intended to serve, and much like in *Chacon*, the identification of Local 181 is a strong enough identifier without reasonable alternatives sufficient to qualify as identifying defendant Local 181.

In their reply, Local 181 denies that *Chacon* is on point, claiming that the issue is not that Workers United misnamed the defendant in their summons, but rather that they served an entity that does not exist. [DE 38 at 927]. The Court disagrees with this framing by Local 181. The issue here is not whether "Workers United Local 181" exists. Both parties understand this refers to Local 181. Local 181 appeared before the court based on this summons without raising this issue at the

6

time of appearance, and there is no doubt that Local 181, the entity that all parties understood that the summons referred to exists. Rather, this is a matter of a disputed name affiliation. The question is whether Local 181 is affiliated with Workers United, or Hotel Employees Restaurant Employees. This is an argument about the merits of the case itself, a point both parties agree on. [DE 32 at 711; DE 35 at 868].

Local 181 also relies on footnote two of *Davis v. Med-1 Occupational Health Servs.,* No. 1:23-CV-426, 2023 WL 5533498 (W.D. Mich. Aug. 3, 2023), *report and recommendation approved,* No. 1:23-CV-426, 2023 WL 5529782 (W.D. Mich. Aug. 28, 2023). According to Local 181, "where a plaintiff's summons names the wrong defendant, their complaint is subject to dismissal under Rule 12(b)(4)." [DE 32-1 at 710. However, *Davis* never states this, the court in *Davis* merely recognize that this is the argument brought by Defendant. *Id*. Local 181 acknowledges in their motion that the "court [in *Davis*] did not address the merits of Defendant's 12(b)(4) argument." [DE 32-1 at 710]. Furthermore, as stated, this is not a case where the plaintiff named the wrong defendant, Workers United named exactly who they intended to. The question of Local 181's proper name is really the heart of this case, was Local 181 an affiliate of Workers United. That will not be properly addressed as a claimed defective identification in a summons. To be clear, the court is not relying on an actual knowledge theory of summons supported by other circuits. Rather, the Court finds this is a merits issue not appropriate to be addressed in a Fed. R. Civ. P. 12(b)(4) motion to dismiss based on alleged defective identification under Fed. R. Civ. P. 4. As a result, Local 181's Motion to Dismiss under Fed. R. Civ. P. 12(b)(4) is **DENIED**.

   3. **Failure to State a Claim**

Local 181 moves to dismiss for failure to state a claim for two reasons. First, Local 181 asserts that Workers United failed to state a claim on which relief can be granted as they filed a

claim against a non-existent defendant. [DE 32-1 at 712]. Local 181 claims that Workers United has offered no proof that "Workers United, Local 181" exists. [*Id.*]. Second, Local 181 argues that the complaint should be dismissed because granting the requested relief would require violating the law. [*Id.* at 713]. According to Local 181, the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA") prohibits "the transfer to [a parent-body] organization any current receipts or other funds of the subordinate body except the normal per capita tax and assessments payable by subordinate bodies not in trusteeship." [*Id.* at 714 (citing 29 U.S.C. § 463(a)).

### A. Non-existent Defendant

In their Rule 12(b)(6) motion Local 181 reasserts the argument they made in their Rule 12(b)(4) motion to dismiss, that they are unaffiliated with Workers United, and as such the served defendant "Workers United, Local 181" does not exist. [DE 32-1 at 712]. Specifically Local 181 asserts Workers United claims the existence of "Workers United Local 181" without factual support such as an affiliation agreement, record of a vote to affiliate, or evidence that Local 181 adopted "Workers United" into its name. *Id.* Workers United contends that they alleged sufficient facts to establish the existence of "Workers United Local 181" under the liberal pleading standards of *Twombly*, 550 U.S. at 555.

This Court has already previously held that the issue here is not whether "Workers United, Local 181" exists as this is undeniably understood by both parties to refer to Local 181. The issue is that of Local 181's affiliation, a question that addresses the merits of the case. As a result, a dismissal on these grounds fails. However, the motion also fails under the existing pleading standards of *Iqbal* as the Court will explain below.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (2009). At

this stage the burden on the Plaintiff is low, and all factual allegations must be accepted as true. *Id*. Workers United alleges that Local 181 "affiliated with the Workers United predecessor union and the Chicago and Midwest Regional Joint Board ("CMRJB") in 2006," "became an affiliate of Workers United/SEIU [by] 2010 and has remained an affiliate of Workers United and the CMRJB since [at least] 2010." They further allege that Local 181 "is a subordinate body of Worker United and the CMRJB" and maintain bylaws that "explicitly reference its affiliation with the CMRJB and Workers United." [DE 35 at 872]. These are all factual allegations made by Workers United that the court must accept as true at this stage. Local 181 alleges these are legal conclusions couched as fact, but this is incorrect. [DE 32-1 at 713]. These statements are not a mere "recitation of the elements of a cause of action" or "naked assertions," they provide clear factual development beyond merely stating that "Workers United, Local 181" exists and lay out the connection between Local 181 and Workers United. At this stage, it is not necessary for Workers United to present specific forms and authorizations just to prove the existence of Local 181 to survive a dismissal. Under the liberal pleading standard of *Iqbal* this is sufficient to show that Local 181 does in fact exist. Workers United has sufficiently stated a claim on which relief can be granted at an existing defendant, and Local 181's Motion to Dismiss is **DENIED**.

    b. *Violation of the LMRDA*

Local 181 argues that granting Workers United's requested relief would violate the LMRDA. Specifically, that Worker United's request to "[d]eliver all funds, assets… and property of any kind… to Trustee Eric Moore or his designee" violates 29 U.S.C. § 463(a). Workers United contends that this is not a proper cause for dismissal under Fed R. Civ. P. 12(b)(6) as it does not challenge the claims or causes of action of the pleadings, and even if it were, their requested relief is lawful and consistent with the LMRDA. [DE 35 at 873].

9

First, Local 181 does not address Workers United's argument that the requested relief is not a proper cause for dismissal under Fed. R. Civ. P. 12(b)(6) in their reply. Rule 8(a)(2) requires a plaintiff to plead a short and plain statement of their claim, while a Rule 12(b)(6) motion "test[s] the formal sufficiency of the statement of the claim for relief." § 1356 MOTIONS TO DISMISS—PURPOSE OF THE RULE 12(b)(6) Motion, 5B Fed. Prac. & Proc. Civ. § 1356 (4th ed.). A demand for relief is irrelevant to the 12(b)(6) inquiry because "the demand is not itself a part of the plaintiff's claim." *Moratorium Now! v. Detroit 300 Conservancy*, No. 15-CV-10373, 2015 WL 11005026, at *2 (E.D. Mich. July 22, 2015); *quoting Black v. Columbus Pub. Sch.,* No. 2:96-CV-326, 2007 WL 2713873, at *9 (S.D. Ohio Sept. 17, 2007); *see also Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.,* 635 F.3d 1106, 1108 (8th Cir. 2011) (per curiam); *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (Posner, J.) ("[T]he demand is not itself a part of the plaintiff's claim."); *Schoonover v. Schoonover*, 172 F.2d 526, 530 (10th Cir. 1949) ("[I]t is recognized, without exception, that the prayer forms no part of the cause of action."). For this reason, a motion to dismiss under a Fed. R. Civ. P. 12(b)(6) inquiry is limited to a plaintiff's claims under Fed. R. Civ. P. 8(a)(2), not the separate relief requested. *Bennett v. Bardon,* No. 2:22-CV-00453, 2023 WL 364112, at *3 (S.D.W. Va. Jan. 23, 2023)*, Facchetti v. Vest*, No. 5:15-cv-00049, 2016 WL 3920487, at *1 (W.D. Va. July 18, 2016) ("Rule 12(b)(6) does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety."). Therefore, Local 181 cannot use a Fed. R. Civ. P. 12(b)(6) motion to attack Plaintiff's requested remedies, and their Motion to Dismiss on this ground is **DENIED**.

Second, Local 181 asserts that Workers United's demand that Local 181 turn over all assets and property to their designated trustee Eric Moore is a violation of 29 U.S.C. § 463(a). Workers United argues that the transfer of funds to a trustee is lawful and clearly contemplated by the

LMRDA. However, because the relief requested is not a proper cause for dismissal under Fed. R. Civ. P. 12(b)(6), the Motion fails, and the Court need not address the argument at this time. These arguments are also raised in Local 181's response [DE 26 at 518] to Workers United's Motion for Preliminary Injunction [DE 2] and will be addressed by the Court in their order on the Preliminary Injunction.

Local 181 makes several additional arguments against this interpretation of the LMRDA. Arguments over Local 181's ability to commit financial malpractice [DE 38 at 932], lack of evidence of affiliation with Workers United, [*Id.*] and claims that their actions do not rise to the level of financial malpractice [*Id.*] These are merits-based arguments that do not have a bearing on this motion, or the legality of the requested relief. For the reasons above Local 181's Motion to Dismiss for an unlawful remedy fails. Local 181's Motion to Strike the requested remedy for the same reason also fails. Both Local 181's Motion to Dismiss and Motion to Strike are **DENIED**.

### III.    CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court ORDERS:

1. Local 181's Motion to Dismiss [DE 32] is **DENIED**.
2. Local 181's Motion to Strike [DE 32] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

January 21, 2025